McCunn, J.
J.The return to the writ of habeas corpus, by me awarded in this matter, exhibits that the prisoner was arrested and is detained by no authority whatever. The requisition produced from the governor of Tennessee on the governor of Hew York might,-if conformable to law, be made the basis of a warrant for the arrest and detention of the prisoner ; but of itself and without more, affords no authority or justification for his imprisonment. So, likewise, the affidavit of Mr. Hyatt, an attorney in Hew York, merely embodies a hearsay state-' ment, communicated by telegraph, that the prisoner is charged in Tennessee with the commission of an offense against the laws of that commonwealth. This paper, apart from being nothing more than the repetition of a rumor, is fatally defective otherwise, in not incorporating an authenticated copy of the charge or indictment against the prisoner in the State of Tennessee (Matter of Heyward, 1 Bandf., 702; Exp. Smith, 3 McLean, 635; Exp. Thornton, 9 Texas, 121 ; People «. Wright,' 2 Cat, 21,3 ; Clark’s Case, 9 Wend., 219).
Thus, as apears on the face of the return, the prisoner is held without any warrant, process, or other authority of law ; but, on the contrary, is detained by mere physical force, and in violation of all the sacred safeguards of the liberty of the citizens. In this circumstance, what is my duty % The law of Hew York plainly prescribes it. By the Habeas corpus Act it is imposed on the ofE- • *69 cer before whom a writ of habeas corpus is returned, to examine into the cause of the prisoner’s detention, and if it appears he is illegally confined, forthwith to discharge him ; not to remand him, nor to bail him, but forthwith to discharge him. By the constitution of the United States, as well as of the State of New York, “no person shall. be deprived of life, liberty, or property without due process of law.” Now, here the party is held without any process ; his detention is illegal, and I have no discretion but to discharge him. But the district-attorney, conceding that the prisoner is held without warrant of law, asks that I detain him until a mandate arrive from the governor of New York. Anxious as I am to facilitate the administration of justice in a sister State, I cannot act in violation of my official obligations. The statutes of New York make it my imperative duty to discharge the prisoner ; and if I should detain him a single moment, I would not only contemptuously defy the constitution of the United States and of the State of New York, but would disregard my official duty, and set a,n example of lawless invasion of personal liberty, which would justly expose me to public animadversion and punitive chastisement. Happily, the people of New York do not live under the arbitrary system of government, prevalent in other countries ; but in a land of law, where the rights of the citizen, and, above all, the right of personal liberty, are protected from invasion by the strongest securities, and the most formidable sanctions.
No matter how humble or how reprobate the man may be, he is exempt from arrest, except by “ due process of law.” Indeed, I am conscious of having dealt already too hardly with the prisoner. He was brought before me Tuesday, and at the instance of the district-attorney, I remanded him until Thursday, that the district-attorney might have an opportunity of preparing a return to the writ. Probably it was then the right of the prisoner to be discharged, nothing being shown to justify Ms detenti.on. Thursday the prisoner was again be *70 fore me, and with him came a return to the writ. The return was confessedly insufficient to authorize his imprisonment ; but, solicitious, it may be unduly solicitous, to prevent the escape of a possible criminal, I again accorded the district-attorney twenty:four hours within which to file an amended return. . Í can hardly doubt but my duty was then to discharge the prisoner. Considering these things, and that he has already been imprisoned a week without the least pretense of justification, I cannot consent to detain him another moment in illegal custody. The district-attorney ^suggests a warrant from the executive will arrive for the arrest and surrender of the prisoner. Very well; under that let him be taken and detained, and, if there be apprehension of his escape meanwhile, upon a proper affidavit, process for his arrest may be procured, and he may be held for extradition to Tennessee. For myself, I cannot longer, be a party to his illegal imprisonment.
Let the prisoner be discharged.